IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KEVIN LANGEN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; | § § § § § § § § § § § § § | SA-19-CV-00320-FB |
| *Plaintiff,* | | |
| vs. | | |
| CRESCENT DRILLING AND PRODUCTION, INC., | | |
| *Defendant.* | | |

## ORDER SEVERING AND STAYING CASE

Before the Court is the above-styled and numbered cause of action is the Motion to Stay Proceedings as to Plaintiff Langen [#43] filed by Langen's counsel. This case was referred to the undersigned on May 7, 2019 for all pretrial proceedings. By their motion, Langen's counsel asks the Court for a stay of all claims raised by and against Langen in this lawsuit due to Langen's unexpected death. In response to the motion, the Court set this case for a status conference. At the conference, the parties reached an agreement as to how to proceed, which the Court now memorializes with this Order.

Plaintiff Kevin Langen, on behalf of himself and all others similarly situated, filed this collective action against Defendant Crescent Drilling & Production, Inc. ("CDP"), seeking unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"). Defendant counterclaimed against Langen, alleging Langen previously filed suit to recover the alleged unpaid overtime compensation he seeks through this lawsuit and has breached the settlement agreement that resolved that action by filing a second lawsuit. Langen moved to dismiss the counterclaim, and the undersigned issued a report and recommendation

1

recommending denial of the motion [#29]. The report remains pending before the District Court. No motion for conditional certification has been filed, but two additional Plaintiffs have opted into this lawsuit to date—Fritz John Hoeflein, III and Raul Solis, III [#34, #39].

Defendant subsequently filed a motion for summary judgment on its counterclaim against Langen [#37]. During the response period for the motion for summary judgment, Langen unexpectedly died. Plaintiff filed a suggestion of death [#41] and filed the motion to stay before the Court, which requests staying Langen's FLSA claims and Defendant's counterclaim, including the response deadline for the motion for summary judgment. The parties appeared for a status conference on this day to address the impact of Langen's death on this lawsuit and reached an agreement as to how to proceed.

At the conference, the parties agreed that Langen's untimely death and the unique threshold issues associated with his claims make him ill-suited to continue as lead Plaintiff in this collective action. The parties further agreed that Langen's claims should proceed as an individual FLSA action under this cause number and the claims of the two opt-in Plaintiffs should be severed and proceed under a new Complaint as a collective action under a new cause number. The parties further agreed that the entry of a stay is appropriate in this case as to Langen's claims and Defendant's counterclaim and the pending motion for summary judgment because the estate of Langen does not yet have an appointed administrator to represent the estate in this case. Plaintiff's counsel agreed to notify the Court when the probate court appoints an administrator such that the stay can be lifted and a response deadline determined with respect to the motion for summary judgment.

Federal Rule of Civil Procedure 21 grants this Court discretion to sever any claim against a party if a claim "is misjoined or might otherwise cause delay or prejudice." *Applewhite v.*

*Reichhold Chems.*, 67 F.3d 571, 574 (5th Cir. 1995). *See also Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994) (trial courts have broad discretion to sever claims pursuant to Rule 21). Accordingly, the Court will sever the claims of the two opt-in Plaintiffs from the claims asserted by and against Langen, order the District Clerk to open a new lawsuit in which the opt-in Plaintiffs may pursue their FLSA collective action, grant the motion to stay, and order Langen's counsel to advise the Court when an administrator is appointed such that the stay may be lifted.

**IT IS THEREFORE ORDERED** that the District Court **SEVER** the claims of Plaintiff Langen from the claims of the opt-in Plaintiffs Fritz John Hoeflein, III and Raul Solis, III.

**IT IS FURTHER ORDERED** that the District Clerk open a new cause number with respect to the claims of opt-in Plaintiffs Fritz John Hoeflein, III and Raul Solis, III and assign the new cause of action to the Honorable Fred Biery with the associated Magistrate Judge as Elizabeth S. ("Betsy") Chestney. The District Clerk should file the following documents from this case into the new cause of action: Plaintiff's Complaint [#1], Hoeflein's consent to join [#34], Solis's consent to join [#39], and a copy of this Order.

**IT IS FURTHER ORDERED** that Hoflein and Solis file an Amended Complaint within **14 days** of this Order in the new cause of action designating themselves as lead Plaintiffs in the proposed FLSA collective action and removing the claims of Langen. Defendant shall file an Answer to the Amended Complaint in accordance with the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Motion to Stay Proceedings as to Plaintiff Langen [#43] filed by Langen's counsel is **GRANTED**.

**IT IS FURTHER ORDERED** that this case (5:19-CV-320-FB) is **STAYED** pending further Order of the Court.

3

**IT IS FINALLY ORDERED** that counsel for Langen file an Advisory with the Court upon the appointment of an administrator of Langen's estate such that the stay may be lifted and a deadline for response to Defendant's motion for summary judgment may be imposed. If no administrator is appointed on or before **December 4, 2019**, Plaintiff should file an advisory informing the Court of the same.

**IT IS SO ORDERED.**

SIGNED this 4th day of October, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE